IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVIS, ) | No. C 12-3768 JSW (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF SERVICE** |
| ) | |
| v. ) | |
| ) | |
| COUNTY OF ALAMEDA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

Plaintiff, an inmate in Alameda County Jail, filed this civil rights complaint under 42 U.S.C. § 1983 against a United States Marshal and county employees for an injury sustained while being transported to the jail and subsequent medical care that he alleges was inadequate. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and orders it served upon certain Defendants.

## DISCUSSION

I.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 553-56. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. This standard applies to all cases. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) (finding under *Twombly* and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees

as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

II. <u>Legal Claims</u>

Plaintiff makes three claims. First, he claims that Defendant United States Marshal P. Swanson was deliberately indifferent to his safety. He alleges that Swanson transported him and other inmates to the Alameda County Jail and while doing so, he removed the handcuffs of a "known" gang member in Plaintiff's presence. That gang member then hit Plaintiff in the back of his head and caused a concussion. When liberally construed, these allegations are sufficient to state a cognizable claim against Swanson under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971), and *Carlson v. Green*, 446 U.S. 14, 17-19 (1980), for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

Plaintiff also alleges that Defendants Teichera, Tevlin and Mendez are "directly responsible" for the attack. Plaintiff makes no other allegation against these Defendants, and alleges no actions or omissions by them that led to Plaintiff's being attacked. As such, he does not state a cognizable claim against them. *See Twombly*, 550 U.S. at 553-56; *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

The next two claims are that he did not receive adequate medical attention at the

jail for his concussion symptoms or for blood in his stools.  He alleges that Defendants Dr. McCoy, Dr. Orr and Dr. Pompey denied his requests for medical care for these conditions between July 2011 and 2012.  These allegations, when liberally construed, are sufficient to state a cognizable claim against him for deliberate indifference to his medical needs.

By contrast, his allegations against Defendants Lieutenant Farr, Lieutenant Arbuckle, Lieutenant Griffin, Sergeant Cedergen and Deputy Delgadillo are not sufficient.  The only allegation he makes against them is that they did not "take any action when all made aware of" Plaintiff's denial of medical care.  The general allegation of unspecified "action[s]" that they did not take does not meet the standard from *Twombly* and *Starr* requiring pleading of specific facts that establish a plausible claim for relief.  Plaintiff does not specify what actions they could have but failed to take to allow him medical care, nor does he allege how or when they made aware of his need for medical care and failed to act.  As a result, Plaintiff has not stated a cognizable claim against these defendants.

Plaintiff also names as Defendants Alameda County and the Alameda County Sheriff.  The only allegation he makes against them is that they are "responsible for training" county employees about medical care and safety of jail inmates, which they failed to do.  This also fails to meet the standard in *Twombly* and *Starr*.  *See AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* standard to pleading policy or custom for claims against local government entities).  Plaintiff does not allege any policy on the part of Alameda County, nor does he allege any facts as to how the training was insufficient, how the Sheriff was involved in designing or implementing the training, or how any shortcomings in either the Sheriff's actions or the training received led to the unconstitutional conduct of the county employees.  Consequently, Plaintiff's allegations do not state a cognizable claim against these Defendants.  *Cf. Starr*, 652 F.3d at 1207 (finding no qualified immunity where plaintiff pled specific facts that plausibly suggest supervisors' "knowledge of" and "acquiescence in" unconstitutional conduct of

subordinates).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The claims against Defendants Alameda County, Sheriff Ahern, Lieutenant Farr, Lieutenant Arbuckle, Lieutenant Griffin, Sergeant Cedergen and Deputy Delgadillo are DISMISSED.  The claims against the remaining Defendants are, when liberally construed, cognizable.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto and a copy of this Order to the following Defendant **Deputy United States Marshal P. Swanson** at the **United States Marshal's Office in the Northern District of California**; and upon **Defendants Dr. McCoy, Dr. Orr and Dr. Pompey** at the **Alameda County Sheriff's Department**.

<u>The Clerk shall also mail a courtesy copy of the complaint with all attachments thereto, and this order to the United States Attorney for the Northern District of California and to the Alameda County Counsel's Office.</u>

Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot

of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    4.  Defendants shall file an answer to the complaint in accordance with the Federal Rules of Civil Procedure.

    5.  In order to expedite the resolution of this case:

        a.  No later than **84 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

        b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

        c.  Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

        d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

        e.  Along with their motion, defendants shall proof that they served

plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion without prejudice.

6. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed.  If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings.  You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.  In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question.  Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM DAVIS,

        Plaintiff,

  v.

ALAMEDA COUNTY OF et al,

        Defendant.

Case Number: CV12-03768 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William M. Davis ULT 988
Glenn Dyer Detention Facility
550 - 6th Street
Oakland, CA 94607

Dated: October 25, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk