IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 12-3768 JSW (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR TO PROVIDE LOCATION OF UNSERVED DEFENDANTS** |

　　　　Plaintiff, an inmate in the Alameda County Jail, filed this civil rights complaint under 42 U.S.C. § 1983 against a Deputy United States Marshal and county employees for an injury sustained while being transported to the jail and subsequent medical care that he alleges was inadequate. The complaint was reviewed pursuant to 28 U.S.C. 1915A, and the Clerk mailed waiver of service and summons forms to the Deputy Marshal, and also to Defendants Dr. McCoy, Dr. Orr and Dr. Pompey at the Alameda County Sheriff's Department, where Plaintiff indicated they were located.[1] The Sheriff wrote a letter to the Court stating that Defendants McCoy, Orr and Pompey do not work for and are not located at the Sheriff's Department, but rather are employed by Corizon Correctional Healthcare. The Clerk telephoned Corizon Correctional Healthcare but was informed that nobody by those Defendants names are employed or located there.

---

[1] The claims against the other defendants were dismissed.

Plaintiff's complaint has been pending for 120 days, and it is therefore subject to dismissal without prejudice absent a showing of "good cause" if the parties have not been served. *See* Fed. R. Civ. P. 4(m); *see also Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). In cases such as this one in which the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). In order to fulfill this obligation, Plaintiff must at a minimum provide the Court with the Defendants correct location and name so that the Clerk can mail them waiver of service forms or the United States Marshal can serve them.

Accordingly, plaintiff must either submit to the Court the correct location of Defendants McCoy, Orr and Pompey, to allow the Marshal to serve them, or he must effectuate service of process upon them himself. <u>If Plaintiff fails to do so, or to show cause why he cannot, **on or before February 11, 2013**, his claims against Defendants McCoy, Orr and Pompey will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

IT IS SO ORDERED.

DATED: January 10, 2013

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

WILLIAM DAVIS,

        Plaintiff,

  v.

ALAMEDA COUNTY OF et al,

        Defendant.
_____/

Case Number: CV12-03768 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William M. Davis ULT 988
Glenn Dyer Detention Facility
550 - 6th Street
Oakland, CA 94607

Dated: January 10, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk